**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED STATES CP, LLC,** | |
| Plaintiff, | |
| **v.** | Case No. 2:26-cv-83 |
| **SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,** | JURY TRIAL DEMANDED |
| Defendants. | |

<u>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**</u>

Plaintiff United States CP, LLC ("USCP") files this Original Complaint for patent infringement against Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") alleging as follows:

<u>**BACKGROUND AND NATURE OF THE SUIT**</u>

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.   This case asserts infringement of United States Patent Nos. 9,760,753 (the "'753 Patent") and 9,830,493 (the "'493 Patent") (collectively, "the Patents-in-Suit").

2.      The Patents-in-Suit are owned by USCP.

<u>**THE PARTIES**</u>

3.      United States CP, LLC, is a limited liability company filed under the laws of the State of Delaware, with its principal place of business at 188 Front Street, Suite 116-218, Franklin, TN 37064.

4.      Defendant Samsung Electronics Co., Ltd., is a corporation organized and existing

under the laws of South Korea.  It has its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.  SEC designs, manufactures, makes, uses, imports into the United States, sells, and/or offers for sale in the United States SEC smartphones and tablets.  SEC's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.  SEC may be served at least by process under the Hague Convention.

5.      Defendant Samsung Electronics America, Inc., is a corporation organized under the laws of the State of New York.  Its principal place of business is at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.  SEA is a wholly owned subsidiary of SEC and oversees domestic sales and distribution of Samsung's consumer electronics products, including the products accused of infringement in this case.  SEA may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

7.      The Court has personal jurisdiction over each Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.

8.      Each Defendant has regularly and systematically transacted business in Texas, directly or through subsidiaries or intermediaries, and/or committed acts of patent infringement in Texas as alleged more particularly below.

9.      Samsung has placed infringing products into the stream of commerce by shipping

those products into Texas or knowing that the products would be shipped into Texas.

10.    In addition, on information and belief, Samsung's business relating to mobile devices, including devices accused of infringement in this Action, is conducted at its Texas facilities.

11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

12.    With respect to Defendant SEC, a Korean company, venue is proper because lawsuits against foreign entities are proper in any judicial district, including the Eastern District of Texas.

13.    With respect to Defendant SEA, venue is proper in this district under 28 U.S.C. §1400(b) because Defendant SEA has a regular and established place of business in this district and has committed acts of infringement in this district.

14.    On information and belief, Defendant SEA has a regular and established place of business in Plano, Texas, and is responsible for importing and selling smartphones, tablets, and other mobile devices and equipment in the United States.

15.    Samsung makes, uses, sells, offers for sale, and/or imports Samsung-branded smartphones, tablets, laptops, and other electronics in this District, including the products accused of infringement herein.

16.    On information and belief, Defendant SEA has operated, and on information and belief continues to operate, a permanent office located at 6625 Excellence Way, Plano, TX 75023.

17.    Defendant SEA also employs full-time personnel, such as engineers and managers in this district, including in Collin County.

18.    On information and belief, Samsung's business operations relating to cellular mobile devices are conducted at these SEA facilities located in this district.

19.     Defendant SEA has also committed acts of infringement in this district by commercializing, marketing, selling, distributing, and servicing certain Samsung-branded devices, including but not limited to phones and tablets, which are devices USCP accuses of infringement in this action.

## THE PATENTS-IN-SUIT

### The '753 Patent

20.     The '753 Patent, titled "Finger Guide Device," was issued on September 12, 2017, and will expire on January 29, 2027.  A copy of the '753 Patent is attached as Exhibit A.

21.     The claims of the '753 Patent are not directed to an abstract idea.  For example, claim 1 of the '753 Patent recites a method for enabling the identification or authentication of a person.  The claimed method recites an enrollment step in which several overlapping sections of a finger are scanned, then assembled into a completed template that represents a portion of the person's fingerprint.  The completed template is larger than any of the single scanned portions from which it is assembled.  The claimed method also recites an identification/authentication step in which a fingerprint scanner is used to read a person's fingerprint to compare the person's fingerprint to the completed template.  The person is then identified or authenticated if the fingerprint scanned by the fingerprint scanner is found within the completed template.

22.     The claimed method recites a specific configuration of the fingerprint scanner and associated finger guide.  The fingerprint scanner is located within the finger guide.  The finger guide itself has a specific configuration, including "side surfaces that form a recess for receiving a finger, the recess having a short concave radius at front end of the finger guide device where a fingertip just below a finger nail of the finger is proximal to the front end, and having a longer concave radius, relative to short concave radius, at the back end adjacent to the opposite side of a sensor

4

forming a guide that extends up the finger towards the body of the person, slidingly guiding, using the guide of the recess, the finger downwardly along the side surfaces until reaching a stable position of global minimum over the fingerprint scanner to obtain a scan of a portion of the fingerprint, wherein by guiding the finger in the finger guide device, the finger touches the sensor consistently in a same approximate place so that a relevant portion of the fingerprint is read by the sensor for comparison of the scanned portion obtained with the completed template."  Taken as a whole, the claimed inventions of the '753 Patent are not limited to well-understood, routine, or conventional activity.  Accordingly, the claimed inventions include inventive components that improve upon the functioning and operation of portable media players.

23.     The written description of the '753 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

24.     USCP is the owner and assignee of all rights, title, and interest in and under the '753 Patent.

25.     USCP has standing to sue for infringement of the '753 Patent.

**The '493 Patent**

26.     The '493 Patent, titled "Finger Guide Device with Capacitive Sensor," was issued on November 28, 2017, and expired on November 28, 2025.  A copy of the '493 Patent is attached as Exhibit B.

27.     The claims of the '493 Patent are not directed to an abstract idea.  For example, claim 1 of the '493 Patent recites a finger guide device for identity authentication and confirmation.

The claim requires a specific shape and configuration of the finger guide: "a finger guide having side surfaces that form a recess, the recess being funnel shaped with a circular, oval, square, or rectangular mouth to receive a fingertip so that in use, the finger is guided into position at a base of the recess." Claim 1 also requires a specific type of fingerprint scanner—a capacitive fingerprint scanner—that is situated within the finger guide to "enable[e] a relevant portion of the finger to rest in a stable position in alignment with the fingerprint scanner each time a fingerprint is to be read." The finger guide also includes a drive ring that provides a signal that enables the fingerprint scanner to read the fingerprint. And the finger guide is configured to be used as a pointing control device through touch gestures, including gestures in the axial direction, lateral direction, or combinations thereof. Taken as a whole, the claimed inventions of the '493 Patent are not limited to well-understood, routine, or conventional activity. Accordingly, the claimed inventions include inventive components that improve upon the functioning and operation of devices that include a fingerprint scanner.

28.    The written description of the '493 Patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

29.    USCP is the owner and assignee of all rights, title, and interest in and under the '493 Patent.

30.    USCP has standing to sue for infringement of the '493 Patent.

## GENERAL ALLEGATIONS OF PATENT INFRINGEMENT

31.    As detailed below, Samsung has infringed (and continues to infringe) one or more

claims of the Patents-in-Suit by making, using, selling, offering for sale, and/or importing into the United States at least the following products (the "Accused Products"):  Galaxy S8, Galaxy S8+, Galaxy S9, Galaxy S9+, Galaxy S10e, Galaxy Note 8, Galaxy Note 9, Galaxy A10s, Galaxy A20, Galaxy A30, Galaxy A7, Galaxy A03s, Galaxy A12, Galaxy A13, Galaxy A13 5G, Galaxy A14, Galaxy A14 5G, Galaxy A15, Galaxy A15 5G, Galaxy A16, Galaxy A16 5G, Galaxy A23 5G, Galaxy A24 4G, Galaxy A25 5G, Galaxy A26 5G, Galaxy A32, Galaxy A54 5G, Galaxy A56 5G, Galaxy A04s, Galaxy A05s, Galaxy A06, Galaxy A06 5G, Galaxy A07 4G, Galaxy A17, Galaxy M31s, Galaxy M14, Galaxy M14 4G, Galaxy M15, Galaxy M35, Galaxy M54, Galaxy M06, Galaxy M07, Galaxy M16, Galaxy M17, Galaxy M36, Galaxy F14, Galaxy F14 4G, Galaxy F15, Galaxy F34, Galaxy F54, Galaxy F06 5G, Galaxy F07, Galaxy F16, Galaxy F17, Galaxy F36, Galaxy J5, Galaxy J7, Galaxy J3, Galaxy J4+, Galaxy J6+, Galaxy Z Flip, Galaxy Z Flip 5G, Galaxy Z Flip3, Galaxy Z Flip4, Galaxy Z Flip5, Galaxy Z Flip6, Galaxy Z Flip7, Galaxy Z Flip7 FE, Galaxy Z Fold2, Galaxy Z Fold3, Galaxy Z Fold4, Galaxy Z Fold5, Galaxy Z Fold6, Galaxy Z Fold7, Galaxy Z Fold Special, Galaxy XCover6 Pro, Galaxy XCover7 Pro, Galaxy Tab S7, Galaxy Tab S8, Galaxy Tab S9 FE, Galaxy Tab S9+ FE, Galaxy Tab S10 FE, Galaxy Tab S10 FE+, and other Samsung devices which include the infringing features.

32.    Samsung's acts of infringement have caused damage to USCP.  USCP is entitled to recover from Samsung the damages sustained by USCP as a result of Samsung's wrongful acts in an amount subject to proof at trial.

33.    Samsung had substantial knowledge of the Patents-in-Suit before it made, used, sold, offered for sale, and/or imported into the United States one or more of the Accused Products.

34.    Mr. Todd Robinson was an investor in Pen-One Inc., which was the previous owner of the Patents-in-Suit.  Mr. Robinson is the Managing Member of USCP.

35.    Mr. Robinson began speaking with Samsung about Pen-One's patent portfolio,

directly and/or through his patent counsel, in or around August 2012.

36.     In or around October 2012, Mr. Robinson met with Gwansu Lee at SEC's offices in Suwon, South Korea, to discuss purchasing or licensing Pen-One's patent portfolio, which included the patent application that issued as the '753 Patent (and to which the '493 Patent claims priority).  After that in-person meeting, Mr. Robinson exchanged several emails with Mr. Lee regarding the portfolio.

37.     In or around November 2012, Mr. Robinson's patent agent contacted Ken Korea in Samsung's Sunnyvale office to discuss Pen-One's patent portfolio.  Mr. Korea directed Mr. Robinson's patent counsel to contact Mr. Alex Han (another Samsung employee) to discuss the portfolio.

38.     In or around December 2012, Mr. Robinson's patent agent had a discussion with Mr. Han, during which Mr. Han said that he would evaluate Pen-One Inc.'s patent portfolio, which included the patent application that issued as the '753 Patent (and to which the '493 Patent claims priority).

39.     In or around February 2013, Mr. Han contacted Mr. Robinson's patent agent to ask about the status of Pen-One Inc.'s patent portfolio, as well as to ask for pricing information to purchase the portfolio.

40.     In or around April 2013, Mr. Han contacted Mr. Robinson's patent agent to state that his group within Samsung was not, after all, interested in purchasing the portfolio.

41.     In or around February 2013, Mr. Robinson discussed Pen-One Inc.'s patent portfolio with Rod Beckstrom (another Samsung employee, and later head of Internet security for Samsung).  Following their conversation, Mr. Robinson sent Mr. Beckstrom a list of the patents in Pen-One Inc.'s patent portfolio, which included the patent application that issued as the '753 Patent (and to which the '493 Patent claims priority).

8

42.     In or around March 2013, Mr. Beckstrom informed Mr. Robinson that he had engaged an expert to review Pen-One Inc.'s patent portfolio, which included the patent application that issued as the '753 Patent (and to which the '493 Patent claims priority).

43.     In or around May 2013, Mr. Robinson's patent agent contacted Mr. Seyoung Choi (a Samsung patent attorney) to discuss Pen-One Inc.'s patent portfolio, which included the patent application that issued as the '753 Patent (and to which the '493 Patent claims priority).

44.     On or around August 7, 2014, Defendant Samsung Electronics Co., Ltd. filed International Application No. PCT/KR2014/007342, which is titled "Portable Terminal, Method of Providing Fingerprint Input Guide Information of Portable Terminal, and Nonvolatile Recording Medium for Recording Program for Executing the Method."  The International Search Report for that application identified U.S. Patent Publication No. US 2006/0093192 as "relevant" to International Application No. PCT/KR2014/007342:

| INTERNATIONAL SEARCH REPORT | International application No. PCT/KR2014/007342 |
|---|---|

**A.     CLASSIFICATION OF SUBJECT MATTER**

G06F 21/32(2013.01)i

According to International Patent Classification (IPC) or to both national classification and IPC

**B.     FIELDS SEARCHED**

Minimum documentation searched (classification system followed by classification symbols)
G06F 21/32; G06T 11/20; G06K 9/00; G06F 3/041; H04B 1/38

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched
Korean utility models and applications for utility models
Japanese utility models and applications for utility models

Electronic data base consulted during the international search (name of data base and, where practicable, search terms used)
eKOMPASS(KIPO internal) & Keywords:fingerprint input guide information, touch swipe, sensor

**C.     DOCUMENTS CONSIDERED TO BE RELEVANT**

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| X | US 2012-0127179 A1 (RICHARD DANIEL ASPELIN) 24 May 2012<br>See paragraphs [0003]-[0004], [0023], [0028], [0038]-[0049]; and figure 4. | 1-31 |
| A | US 2010-0303311 A1 (YO-SHIK SHIN et al.) 02 December 2010<br>See paragraphs [0010]-[0014], [0030]-[0032]; and figure 2. | 1-31 |
| A | US 2005-0244039 A1 (DAVID J. GEOFFROY et al.) 03 November 2005<br>See paragraphs [0007]-[0010], [0078]; and figure 15. | 1-31 |
| A | WO 2006-071061 A1 (LG ELECTRONICS INC.) 06 July 2006<br>See paragraphs [0019]-[0021], [0047]-[0049]; and figure 5. | 1-31 |
| A | US 2006-0093192 A1 (J. SCOTT BECHTEL) 04 May 2006<br>See paragraphs [0041]-[0042]; and figures 3-4. | 1-31 |

45.     U.S. Patent Publication No. US 2006/0093192 is a publication of U.S. Patent Application No. 11/267,365, which was part of Pen-One's patent portfolio. Both Patents-in-Suit claim priority to U.S. Patent Application No. 11/267,365.

46.     The International Search Report for International Application No. PCT/KR2014/007342 also identified U.S. Patent Publication No. US 2012/0237092 as potential prior art:

| US 2006-0093192 A1 | 04/05/2006 | US 2012-237092 A1 | 20/09/2012 |
|---|---|---|---|
| | | US 2014-086460 A1 | 27/03/2014 |

47.     U.S. Patent Publication No. US 2012/0237092 is a publication of U.S. Patent Application No. 13/430,330, which issued as the '753 Patent. The '493 Patent claims priority to

U.S. Patent Application No. 13/430,330.

48.     Further discovery may reveal additional earlier knowledge of one or more of the Patents-in-Suit, which would provide additional evidence of Samsung's willful infringement of the Patents-in-Suit.

49.     For each count of infringement listed below, USCP incorporates and re-states the allegations contained in the preceding paragraphs above, including these General Allegations, as if fully set forth in each count of infringement.

## COUNT I – INFRINGEMENT OF THE '753 PATENT

50.     USCP incorporates herein the allegations made in paragraphs 1 through 49.

51.     Samsung has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '753 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

52.     The Accused Products include, for example, a fingerprint scanner located within a finger guide device:



*See, e.g.*, https://www.samsung.com/levant/smartphones/galaxy-s10/.

> **▶ Galaxy S10e:**
>   · The Power key has a built-in fingerprint recognition sensor. Ensure that the fingerprint recognition sensor is not scratched or damaged by metal objects, such as coins, keys, and necklaces.

*See,    e.g.*,    https://downloadcenter.samsung.com/content/UM/202005/20200506145651166/

G97X_UG_CA_QQ_ENG_D3.pdf.

    53.    The Accused Products are configured to use the fingerprint scanner to identify or authenticate the user:

## Fingerprint recognition

In order for fingerprint recognition to function, your fingerprint information needs to be registered and stored in your device. After registering, you can set the device to use your fingerprint for the features below:

· Screen lock

· Secure Folder

---

### Unlocking the screen with your fingerprints

You can unlock the screen with your fingerprint instead of using a pattern, PIN, or password.

1 On the Settings screen, tap **Biometrics and security** → **Fingerprints**.

2 Unlock the screen using the preset screen lock method.

3 Tap the **Fingerprint unlock** switch to activate it.

4 On the locked screen, place your finger on the fingerprint recognition sensor and scan your fingerprint.

*See, e.g., id.*

| Authentication | Lock Type: Swipe, Pattern, PIN, Password<br>Biometric Lock Types: Fingerprints, Face |
|---|---|

*See, e.g.*, https://www.samsungmobilepress.com/media-assets/galaxy_s10e/?tab=specs.

54.    The Accused Products require that the user register (i.e., enroll) a fingerprint before the fingerprint scanner can be used to identify or authenticate the user.  The registration process requires that the user scan their fingerprint multiple times:



4  Register your fingerprint.

▶ **Galaxy S10+, S10**: Place your finger on the fingerprint recognition sensor at the bottom of the screen. After the device detects your finger, lift it up and place it on the fingerprint recognition sensor again.

*See, e.g.,* https://downloadcenter.samsung.com/content/UM/202005/20200506145651166/ G97X_UG_CA_QQ_ENG_D3.pdf.

55.    In doing so, the Accused Products scan several overlapping portions of a finger of the user and electronically assemble the overlapping portions into a completed template representing an area of the user's fingerprint that is larger than any single scanned portion:





*See, e.g.*, https://www.youtube.com/watch?v=yjG_O6t2Fpo.

      56.    The Accused Products identify or authenticate the user if the scanned portion is found within the completed template.

57.     The finger guide device in the Accused Products has side surfaces that form a recess for receiving a finger, the recess having a short concave radius at front end of the finger guide device where a fingertip just below a finger nail of the finger is proximal to the front end, and having a longer concave radius, relative to short concave radius, at the back end adjacent to the opposite side of a sensor forming a guide that extends up the finger towards the body of the person:



*See, e.g.*, https://www.youtube.com/watch?v=yjG_O6t2Fpo.



*See, e.g.*, https://guide-images.cdn.ifixit.com/igi/gKcJ1aXrrul6yW6w.huge.



58.     When a user slides their finger along the finger guide in the Accused Products, the

finger guide guides, using the guide of the recess, the finger downwardly along the side surfaces until reaching a stable position of global minimum over the fingerprint scanner to obtain a scan of a portion of the fingerprint.

59.     The finger guide in the Accused Products causes the user's finger to touch the sensor consistently in a same approximate place so that a relevant portion of the fingerprint is read by the sensor for comparison of the scanned portion obtained with the completed template.

60.     Samsung has had knowledge of the '753 Patent and of its infringement of the '753 Patent at least through the service of this Complaint.

61.     On information and belief, despite Samsung's knowledge of the '753 Patent and of its infringement of the '753 Patent, Samsung has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '753 Patent.

62.     On information and belief, Samsung's actions represented a specific intent to induce infringement of at least claim 1 of the '753 Patent.   For example, Samsung offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '753 Patent via at least their use of the Accused Products.

63.     USCP may recover pre-suit damages for Samsung's infringement of the '753 Patent under 35 U.S.C. § 287.

64.     As a result of Samsung's infringement of the '753 Patent, USCP has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

65.     Additionally, on information and belief, Samsung has also indirectly infringed one or more claims of the '753 Patent in violation of 35 U.S.C. § 271(b) by inducing others to directly infringe the '753 Patent.  Samsung has induced end-users and other third-parties to directly infringe

(literally or under the doctrine of equivalents) the '753 Patent by using the Accused Products. Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '753 Patent, including, for example, Claim 1 of the '753 Patent. Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Samsung performed these steps, which constitute induced infringement with the knowledge of the '753 Patent and with the knowledge that the induced acts constitute infringement. Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '753 Patent.

66.     Samsung has also indirectly infringed by contributing to the infringement of the '753 Patent. Samsung has contributed to the direct infringement of the '753 Patent by its customers, partners, personnel, contractors, clients, and suppliers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '753 Patent, including, for example, claim 1 of the '753 Patent. The special features include, for example, the finger guide and fingerprint sensor, recited in claim 1, that are used for identifying or authenticating a person. The special features constitute a material part of the invention of one or more of the claims of the '753 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Samsung's contributory infringement is ongoing.

67.     Samsung's direct and indirect infringement of the '753 Patent was willful, intentional, deliberate, or in conscious disregard of USCP's rights under the patent.

## COUNT II – INFRINGEMENT OF THE '493 PATENT

68.    USCP incorporates herein the allegations made in paragraphs 1 through 67.

69.    Samsung has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '493 Patent, including, for example, claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the Accused Products.

70.    The Accused Products include, for example, a finger guide device for identity authentication and confirmation, that includes a capacitive fingerprint scanner:



*See, e.g.*, https://www.samsung.com/levant/smartphones/galaxy-s10/.

▶ **Galaxy S10e:**
- The Power key has a built-in fingerprint recognition sensor. Ensure that the fingerprint recognition sensor is not scratched or damaged by metal objects, such as coins, keys, and necklaces.

*See,    e.g.,*    https://downloadcenter.samsung.com/content/UM/202005/20200506145651166/

G97X_UG_CA_QQ_ENG_D3.pdf.

| Sensors | Accelerometer, Barometer, Capacitive Fingerprint Sensor, Gyro Sensor, Geomagnetic Sensor, Hall Sensor, Proximity Sensor, RGB Light Sensor |
|---|---|

*See, e.g.*, https://www.samsungmobilepress.com/media-assets/galaxy_s10e/?tab=specs.

| Authentication | Lock Type: Swipe, Pattern, PIN, Password Biometric Lock Types: Fingerprints, Face |
|---|---|

*See, e.g., id.*

71.    The finger guide in the Accused Products has side surfaces that form a funnel-shaped recess with an oval mount to receive a fingertip so that in use, the finger is guided into position at a base of the recess.  In doing so, the finger guide positions the finger on the fingerprint scanner, such that a relevant portion of the finger rests in a stable position in alignment with the fingerprint scanner each time a fingerprint is to be read:



*See, e.g.*, https://guide-images.cdn.ifixit.com/igi/gKcJ1aXrruI6yW6w.huge.



*See, e.g.*, https://www.youtube.com/watch?v=yjG_O6t2Fpo.

72.     The surface of the finger guide device in the Accused Products includes a drive ring to provide an electrical signal to illuminate partial portions of the fingerprint:



*See, e.g., id.*

73.     The finger guide device in the Accused Products is configured to be utilized as a pointing control device by placing the finger in the finger guide device to apply a touch gesture selected from at least one direction:  axial direction, lateral direction, and combinations thereof:

> • **Finger sensor gestures**: Set the device to open or close the notification panel when you swipe upwards or downwards on the fingerprint recognition sensor. This feature is not available when the sensor is detecting your fingerprint. (Galaxy S10e)

*See,      e.g.*,      https://downloadcenter.samsung.com/content/UM/202005/20200506145651166/G97X_UG_CA_QQ_ENG_D3.pdf.

74.     Samsung has had knowledge of the '493 Patent and of its infringement of the '493 Patent at least through the service of this Complaint.

75.     On information and belief, despite Samsung's knowledge of the '493 Patent and of its infringement of the '493 Patent, Samsung has not sought to remedy its infringement or sought to identify any good faith belief as to why it does not infringe the '493 Patent.

76.     On information and belief, Samsung's actions represented a specific intent to induce infringement of at least claim 1 of the '493 Patent.   For example, Samsung offered its customers extensive customer support and instructions that instructed and encouraged its customers to infringe the '493 Patent via at least their use of the Accused Products.

77.     Since issuance of the '493 Patent, neither USCP nor its predecessors or licensees have made, offered for sale, sold, or imported a product that practices any claim of the '493 Patent or that would otherwise require marking under 35 U.S.C. § 287.

78.     USCP may recover pre-suit damages for Samsung's infringement of the '493 Patent under 35 U.S.C. § 287.

79.     As a result of Samsung's infringement of the '493 Patent, USCP has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

80.     Additionally, on information and belief, Samsung has also indirectly infringed one or more claims of the '493 Patent in violation of 35 U.S.C. § 271(b) by inducing others to directly infringe the '493 Patent.  Samsung has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '493 Patent by using the Accused Products. Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '493 Patent, including, for example, Claim 1 of the '493 Patent.  Such steps by Samsung included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  Samsung performed these

steps, which constitute induced infringement with the knowledge of the '493 Patent and with the knowledge that the induced acts constitute infringement. Samsung was aware that the normal and customary use of the Accused Products by others would infringe the '493 Patent.

81.    Samsung has also indirectly infringed by contributing to the infringement of the '087 Patent. Samsung has contributed to the direct infringement of the '493 Patent by its customers, partners, personnel, contractors, clients, and suppliers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '493 Patent, including, for example, claim 1 of the '493 Patent. The special features include, for example, the finger guide and fingerprint sensor, recited in claim 1, that are used for identifying or authenticating a person. The special features constitute a material part of the invention of one or more of the claims of the '493 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Samsung's contributory infringement is ongoing.

82.    Samsung's direct and indirect infringement of the '493 Patent was willful, intentional, deliberate, or in conscious disregard of USCP's rights under the patent.

## JURY DEMAND

USCP hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

USCP requests that the Court find in its favor and against Samsung, and that the Court grant USCP the following relief:

a.    Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally or under the doctrine of equivalents, by Samsung or all others acting in concert therewith;

b.      Judgment that Samsung accounts for and pays to USCP all damages to and costs incurred by USCP because of Samsung's infringing activities and other conduct complained of herein;

c.      Judgment that Samsung's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.      Pre-judgment and post-judgment interest on the damages caused by Samsung's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award USCP its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 2, 2026                 Respectfully submitted,


                                         By: /s/ Fred I. Williams
                                         Fred I. Williams
                                         Texas State Bar No. 00794855
                                         Lea N. Brigtsen
                                         Texas State Bar No. 24054504
                                         Stephen R. Dartt
                                         Texas State Bar No. 24042370
                                         WILLIAMS SIMONS & LANDIS PC
                                         The Littlefield Building
                                         106 East Sixth Street, Suite 900-168
                                         Austin, TX 78701
                                         Tel: 512-543-1354
                                         fwilliams@wsltrial.com
                                         lbrigtsen@wsltrial.com
                                         sdartt@wsltrial.com

                                         John Wittenzellner
                                         Pennsylvania State Bar No. 308996
                                         WILLIAMS SIMONS & LANDIS PC
                                         1735 Market Street, Suite 125, #453
                                         Philadelphia, PA 19103

Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff United States CP, LLC*